[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14669
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 17, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:08-cv-02162-CC


MICHAEL B. KING,

                                                Interested Party-Appellant,

                          versus


CITY OF RIVERDALE,
DERRY WALKER,
in his individual and official capacity as
code enforcement officer for the City of
Riverdale, et al.,

                                                Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 17, 2012)


Before TJOFLAT, CARNES and WILSON, Circuit Judges.

PER CURIAM:

In *Ashford v. City of Riverdale*, 389 F. App'x 980 (11ᵗʰ Cir. 2010), we affirmed the district court's judgment imposing sanctions in the form of attorney's fees and costs against Michael King, an attorney, in the sum of $17,592, pursuant to Federal Rule of Civil Procedure 11. After our mandate issued, the City of Riverdale moved the district court pursuant to Federal Rule of Civil Procedure 60(a) to correct the judgment to reflect that it had been entered only against King (and not jointly against King and his client). The district court granted the motion, and the clerk entered an amended judgment on June 27, 2011. King thereafter moved the court for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). The court denied his motion on September 1, 2011. King, proceeding *pro se*, now appeals the judgment and the order denying his motion for reconsideration.

In his appellate brief, King does not argue that the district court erred in denying his motion for reconsideration. He has therefore abandoned his appeal of that ruling. In challenging the entry of the amended judgment pursuant to the City's Rule 60(a) motion, he argues that the court erred in several respects in granting the motion. We do not consider those arguments, however, because, as the City correctly points out in its answer brief, "King failed to oppose this

2

motion." Answer Br. at 10. Rather, he raised his arguments (that the court erred in granting the motion) "for the first time in [his] motion for reconsideration." *Id.* at 10-11. In not opposing the City's Rule 60(a) motion, King invited the errors he now complains of. We therefore do not consider them.

AFFIRMED.